UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TEHMTON TOORKEY,

       Plaintiff,

   v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

       Defendant.

Civil Action No. 22-1648 (BAH)

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT</u>**

U.S. Citizenship and Immigration Services ("USCIS"), through undersigned counsel, respectfully files this opposition to Plaintiff's motion for judgment ("Pl.'s Mot.", ECF No. 16)[1] in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, litigation. For the reasons discussed herein, Plaintiff's motion is meritless and should be denied.

Plaintiff brings this action seeking to compel USCIS to disclose records relating to birth records of Deborah J. Herzog (a/k/a Debra or Deborah Wilhelm) ("Herzog"), and her biological children. *See generally* Compl. Prior to the filing of the instant action, USCIS responded in full to Plaintiff's request, releasing 217 pages in their entirety, and 81 pages in part. *See* USCIS Nov. 2, 2020, Correspondence, ECF No. 1-1 at 5. USCIS also noted that 329 pages were being withheld in full.  Plaintiff appealed the response, and upon reconsideration, USCIS released an additional 199 pages (117 released in full and 82 pages in part). ECF No. 1-1 at 9. Plaintiff maintains that he

---

[1]     Plaintiff's motion for judgment purports to respond to each of Defendant's responses and averments contained in Defendant's answer (ECF No. 15). Plaintiff will have the opportunity to address the merits of USCIS's response to the underlying FOIA request when the parties brief summary judgment, which is the appropriate procedural mechanism for resolving FOIA cases. *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) ("FOIA cases are typically and appropriately decided on motions for summary judgment.")

is entitled to two specific documents: a document issued in 1986 that he believes to be the birth certificate, and an affidavit concerning a child and/or children relating to Herzog. Compl. at 3.

Following the filing of Defendant's answer, Plaintiff moved for "final judgment," requesting that the Court find that the referenced birth certificate pertains to a birth certificate of a child of Herzog, and that all other documents relating thereto must be released "in their entirety." Pl.'s Mot. at 22-24. Plaintiff also requests that the Court "declare[] that the Child / Person mentioned in the Certificate of Live Birth is a missing person and order[] the Department of Justice to investigate and report as to the Welfare of the person in question" and release all information in the certificate of live birth and affidavit. *Id*. at 24.

Aside from the release of information that USCIS contends is properly exempt from disclosure, the remaining relief that Plaintiff seeks is outside of this Court's jurisdiction under FOIA. The FOIA statute imposes limitations on the types of relief a court may grant in a FOIA lawsuit, and specifically, the D.C. Circuit has held that the statutory language of the FOIA limits relief to the disclosure of improperly withheld records to a particular requester. *See* 5 U.S.C. § 552(a)(4)(B) (providing jurisdiction "to enjoin the agency from withholding agency records and to order production of any agency records improperly withheld"); *see also Kennecott Utah Copper Corp. v. Dep't of Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996) (holding that remedial provision of FOIA limits relief to ordering disclosure of documents to FOIA complainant); *Hall & Assocs. v. EPA*, No. 16-5315, 2018 WL 1896493, at *2 (D.C. Cir. Apr. 9, 2018) (per curiam) (requiring "research, analysis, and formulation of opinions [are] actions not required by FOIA" (citing *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)). Thus, this Court is without jurisdiction in this action to "declare" that the "child" or "person" referenced in the birth

certificate is a "missing person" and order the Department of Justice to "investigate" the person in question. The Court should in turn decline Plaintiff's request to do so.

Further, to the extent that Plaintiff continues to challenge USCIS's response to the records sought through the underlying FOIA request, pursuant to the Court's October 12, 2022, Minute Order, the parties will confer and file a status report by December 12, 2022, proposing a schedule for merits briefing if it appears necessary. As noted in the parties' last joint status report, USCIS sent a letter to Plaintiff on October 11, 2022, clarifying the nature of the records sought, and indicating that the birth certificate did not pertain to children of Herzog, but rather was a reprinted version of the original birth certificate and affidavit of Herzog. Should Plaintiff wish to challenge USCIS's response to the FOIA request and the asserted exemptions, the parties will propose a schedule for dispositive motions, but the judgment Plaintiff presently seeks is premature and unwarranted. In sum, the Court should deny Plaintiff's motion.

## CONCLUSION

For the reasons discussed herein, Plaintiff's motion for judgment should be denied.

Dated: October 20, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2512
Brenda.Gonzalez.Horowitz@usdoj.gov

*Attorneys for the United States*