UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEHMTON NARIMAN TOORKEY,<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED STATES CITIZENSHIP<br>AND IMMIGRATION SERVICES,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 22-1648 (BAH)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION FOR**
**JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant United States Citizenship and Immigration Services ("USCIS") respectfully files this opposition to Plaintiff's Motion for Final Judgment and pursuant to Federal Rule of Civil Procedure 56, and cross moves for summary judgment as to all of Plaintiff's claims brought under the Freedom of Information Act ("FOIA"). There exists no genuine dispute of material fact that USCIS's withholdings pertaining to birth certificate records and law enforcement interview transcripts of Plaintiff's former spouse properly were withheld, thus warranting judgment as a matter of law for Defendant. This motion is accompanied by a Memorandum of Law, the Statement of Undisputed Material Facts, the Declaration of Cynthia Munita, the exhibit attached thereto, and a proposed order.

Dated:  February 14, 2023                    Respectfully submitted,

                                             MATTHEW M. GRAVES, D.C. Bar No. 481052
                                             United States Attorney

                                             BRIAN P. HUDAK
                                             Chief, Civil Division

                                             */s/ Brenda González Horowitz*
                                             BRENDA GONZÁLEZ HOROWITZ
                                             D.C. Bar No. 1017243
                                             Assistant United States Attorney
                                             U.S. Attorney's Office for the District of Columbia
                                             601 D Street, N.W.
                                             Washington, D.C.  20530
                                             Telephone: (202) 252-5212

                                             *Attorneys for the United States*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TEHMTON NARIMAN TOORKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-01648 |
| | ) | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION
TO PLAINTIFF'S MOTION FOR FINAL JUDGMENT**

*MATTHEW M. GRAVES*
United States Attorney

*BRIAN P. HUDAK*
Chief, Civil Division

*BRENDA GONZÁLEZ HOROWITZ*
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia

Dated: February 14, 2023

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................................iii

BACKGROUND ....................................................................................................... 1

STANDARD OF REVIEW ....................................................................................... 5

ARGUMENT ............................................................................................................ 6

     I.     USCIS Properly Withheld Personal Information Pursuant to FOIA Exemptions 6 and 7(C) .................................................................................................... 6

          A.     FOIA Exemption 6..................................................................... 6

          B.     FOIA Exemption 7(C) ............................................................. 10

     II.     USCIS Properly Withheld Portions of an Interview Transcript Pursuant to FOIA Exemption 7(E)............................................................................ 11

     III.     The Information USCIS Withheld Could Not Be Reasonably Segregated ......... 13

     IV.     Plaintiff's Requests for Relief Exceeding the Scope of FOIA Should be Rejected .................................................................................................. 14

CONCLUSION........................................................................................................ 15

# **TABLE OF AUTHORITIES**

*Page(s)*

**Cases**

*Accountability Project v. Dep't of State*,
   699 F. Supp. 2d 97 (D.D.C. 2010) ........................................................................... 10

*Allen v. Bureau of Prisons*,
   Civ. A. No. 16-0708 (CKK), 2019 WL 498804 (D.D.C. Feb. 8, 2019) .................... 16

*Amuso v. Dep't of Just.*,
   600 F. Supp. 2d 78 (D.D.C. 2009) ........................................................................... 10

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................. 8

*Animal Legal Def. Fund v. FDA*,
   836 F.3d 987 (9th Cir. 2016) .................................................................................... 13

*Appleton v. FDA*,
   451 F. Supp. 2d 129 (D.D.C. 2006) ......................................................................... 11

*Armstrong v. Exec. Off. of the President*,
   97 F.3d 575 (D.C. Cir. 1996) .............................................................................. 16, 17

*Beck v. Dep't of Just.*,
   997 F.2d 1489 (D.C. Cir. 1993) ............................................................................... 10

*Blackwell v. FBI*,
   646 F.3d 37 (D.C. Cir. 2011) ................................................................................... 15

*Brayton v. Off. of U.S. Trade,
   Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ........................................................................ 8

*Canning v. Dep't of Just.*,
   567 F. Supp. 2d 104 (D.D.C. 2008) ......................................................................... 16

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................................. 8

*Chang v. Dep't of Navy*,
   314 F. Supp. 2d 35 (D.D.C. 2004) ........................................................................... 10

*Consumers' Checkbook Ctr. for the Study of Servs. v. HHS*,
   554 F.3d 1046 (D.C. Cir. 2009) ............................................................................... 11

*CREW v. Dep't of Labor*,
  478 F. Supp. 2d 77 (D.D.C. 2007) ......................................................... 9

*Defenders of Wildlife v. U.S. Border Patrol*,
  623 F. Supp. 2d 83 (D.D.C. 2009) ......................................................... 8

*Dep't of Def. v. Fed. Labor Relations Auth.*,
  510 U.S. 487 (1994) .............................................................................. 10

*Dep't of Just. v. Reps. Comm. for Freedom of the Press*,
  489 U.S. 749 (1989) .............................................................................. 10

*Dep't of State v. Wash. Post Co.*,
  456 U.S. 595 (1982) ......................................................................... 10, 11

*Elec. Privacy Info. Ctr. v. DHS*,
  777 F.3d 518 (D.C. Cir. 2015) .............................................................. 13

*Fisher v. Dep't of Just.*,
  772 F. Supp. 7 .......................................................................................... 15

*Frank LLP v. CFPB*,
  327 F. Supp. 3d 179 (D.D.C. 2018) ...................................................... 16

*Grandison v. Dep't of Just.*,
  600 F. Supp. 2d 103 (D.D.C. 2009) ...................................................... 10

*Hall & Assocs. v. EPA*,
  No. 16-5315, 2018 WL 1896493 (D.C. Cir. Apr. 9, 2018) ................... 18

*Horowitz v. Peace Corps*,
  428 F.3d 271 (D.C. Cir. 2005) .............................................................. 11

*Kennecott Utah Copper Corp. v. Dep't of Interior*,
  88 F.3d 1191 (D.C. Cir. 1996) .............................................................. 17

*Kissinger v. Reps. Comm. for Freedom of the Press*,
  445 U.S. 136 (1980) .............................................................................. 18

*Larson v. Dep't of State*,
  565 F.3d 857 (D.C. Cir. 2009) ................................................................ 9

*Lepelletier v. FDIC*,
  164 F.3d 37 (D.C. Cir. 1999) ................................................................ 10

*Lewis v. Dep't of Just.*,
  867 F. Supp. 2d 1 (D.D.C. 2011) ................................................................ 12

*Lion Raisins v. USDA*,
  354 F.3d 1072 (9th Cir. 2004) .................................................................. 13

*Matthews v. FBI*,
  575 F. Supp. 3d 166 (D.D.C. 2021) .......................................................... 12

*Mayer Brown LLP v. IRS*,
  562 F.3d 1190 (D.C. Cir. 2009) .......................................................... 15, 16

*McGehee v. CIA*,
  697 F.2d 1095 (D.C. Cir. 1983) ................................................................. 8

*Media Rsch. Ctr. v. Dep't of Just.*,
  818 F. Supp. 2d 131 (D.D.C. 2011) ........................................................ 8, 9

*Military Audit Project v. Casey*,
  656 F.2d 724 (D.C. Cir. 1981) .................................................................... 9

*Nat'l Archives & Records Admin. v. Favish*,
  541 U.S. 157 (2004) ................................................................................. 10

*Nat'l Ass'n of Retired Fed. Employees v. Horner*,
  879 F.2d 873 (D.C. Cir. 1989) ................................................................. 11

*People for the Am. Way Found. v. Nat'l Park Serv.*,
  503 F. Supp. 2d 284 (D.D.C. 2007) ......................................................... 11

*Perry v. Block*,
  684 F.2d 121 (D.C. Cir. 1982) ................................................................... 9

*SafeCard Servs. v. SEC*,
  926 F.2d 1197, 1206 (D.C. Cir. 1991) ................................................ 13, 14

*Schrecker v. Dep't of Just.*,
  349 F.3d 657, 661 (D.C. Cir. 2003) ......................................................... 13

*Smith v. Bureau of Alcohol, Tobacco and Firearms*,
  977 F. Supp. 496 (D.D.C. 1997) .............................................................. 15

*Smith v. Dep't of Labor*,
  798 F. Supp. 2d 274 (D.D.C. 2011) .......................................................... 12

*Sussman v. U.S. Marshals Serv.*,

    494 F.3d 1106 (D.C. Cir. 2007) ............................................................. 17

*Tax Analysts v. IRS*,

    294 F.3d 71 (D.C. Cir. 2002) ................................................................. 13

## Statutes

5 U.S.C. §552(b)(6) ...................................................................... 6, 7, 9

5 U.S.C. § 552(a)(4)(B) ....................................................................... 17

5 U.S.C. § 552(a)(6)(B) ......................................................................... 5

5 U.S.C. § 552(b) ................................................................................. 16

5 U.S.C. § 552(b)(7)(C) ....................................................................... 13

5 U.S.C. § 552(b)(7)(E) ....................................................................... 15

6 U.S.C. §101 ........................................................................................ 5

18 U.S.C. § 1546(a) .......................................................................... 4, 5

Pub. L. 107-296 .................................................................................... 5

## Rules

Fed. R. Civ. P. 56(a) ......................................................................... 1, 8

## Other Authorities

82 Fed. Reg. 43556 ............................................................................... 5

Defendant United States Citizenship and Immigration Services ("USCIS" or "Agency") respectfully moves for judgment as a matter of law as to Plaintiff's claims brought under the Freedom of Information Act ("FOIA") and opposes Plaintiff's motion for final judgment ("Pl.'s Mot.," ECF No. 21).

This case involves Plaintiff Tehmton Toorkey's FOIA request to USCIS seeking records related to his immigration history, and seeking birth certificate records and a law enforcement related interview relating to Plaintiff's former spouse. For the reasons described herein, there is no dispute of genuine material fact that USCIS appropriately withheld certain identifying and private information and records under Exemptions 6, 7(C), and 7(E). Plaintiff presents no compelling public interest as to the disclosure of these records, warranting judgment as a matter of law in favor of the Agency. In addition, the good faith presumption afforded to the Declaration of Cynthia Munita ("Munita Decl."), establishes that disclosure of certain information could reasonably be expected to risk circumvention of law enforcement. In sum, no material questions of fact remain as to the adequacy of Defendant's withholdings, and Plaintiff's motion for judgment should be denied and granting judgment as a matter of law should be granted to USCIS.

## BACKGROUND

USCIS incorporates by reference its Statement of Undisputed Material Facts ("SUMF") submitted in support of this motion.

On November 9, 1993, Plaintiff pled guilty in the U.S. District Court for the Northern District of Ohio to one count of violating 18 U.S.C. § 1546(a), involving fraud and misuse of visas, permits and other documents. *See* ECF No. 1 at 4-5, ¶¶ 19, 24 & Ex. A, Pl.'s criminal judgment. As evidenced by the documents attached by Plaintiff to his complaint, the basis of the conviction was Plaintiff's marriage to Deborah J. Herzog (a/k/a Debra or Deborah Wilhelm) ("Herzog") at a time when she was lawfully married to another individual. *See* ECF No. 1-1 at 33. Plaintiff was

sentenced to serve two years of probation. *Id.* In addition, and as evidenced by documents in Plaintiff's immigration file, the Department of Justice's former agency, the Immigration and Naturalization Service ("INS"), initiated deportation proceedings against Plaintiff.[1]  Munita Decl. ¶ 24. The deportation proceedings were held in absentia in May 1994, as Plaintiff had left the U.S. in February 1994. *Id.*

In 2020, Plaintiff submitted a FOIA request to USCIS seeking records related to his immigration history. Munita Decl. ¶¶ 7-8. On July 14, 2020, USCIS acknowledged receipt of Plaintiff's FOIA request seeking a copy of his A-file, and assigned the request control number NRC2020098692.  USCIS advised Plaintiff that the request would be responded to on a first-in, first-out basis and on a multi-track system.  *See* ECF No. 1-1 at 3; Munita Decl. ¶ 7. Plaintiff was also informed that his request had been placed in the complex track and that USCIS was invoking a 10-day extension pursuant to 5 U.S.C. § 552(a)(6)(B). *Id.*

USCIS's National Record Center ("NRC") FOIA staff reviewed Plaintiff's FOIA request in which Plaintiff provided the number of his A-file. *Id.* ¶ 8. The A-file serves as the official record of an individual's immigration history.  *See* Department of Homeland Security, Privacy Act & System of Records, 82 Fed. Reg. 43556, 43577 (Sept. 18, 2017). A-file records may be in the following materials and formats: (1) a paper A-file; (2) an electronic record in the Enterprise Document Management Systems (EDMS) or USCIS Electronic Immigration System (ELIS); or (3) a combination of paper and electronic records and supporting documentation.  *Id.*

---

[1]     In 2002, Congress passed the Homeland Security Act (Pub. L. 107-296), and, beginning in 2003, the INS was replaced with three agencies, Immigration and Customs Enforcement ("ICE"), Customs and Border Protection ("CBP"), and USCIS. *See* 6 U.S.C. §101. All three agencies are components of the U.S. Department of Homeland Security.

Although USCIS is the official custodian of all A-files, these files are shared with U.S. Immigration and Customs Enforcement and U.S. Customs and Border Protection, all of which create and contribute documents to A-files. *Id*. ¶ 9. A-files are maintained and retrievable by reference to an individual's name and Alien number, along with date of birth, or a combination thereof. *Id*.

By letter dated November 3, 2020, USCIS responded to Plaintiff's FOIA request and explained that 627 pages were identified as responsive, 217 pages were released in full, 81 pages were released in part, and 329 pages were withheld in full. *See* ECF No. 1-1 at 5; Munita Decl. ¶ 10. The letter explained that FOIA exemptions 5 U.S.C. §552(b)(6), (b)(7)(C) and (b)(7)(E) were applied to certain information. *Id.* The letter explained Plaintiff's right to submit an administrative appeal within 90 days of the date of the letter. *Id.* In addition, the letter explained that if Plaintiff was not satisfied with the release, he could contact USCIS's FOIA Public Liaison. *Id.* Further, Plaintiff was advised he also could contact the Office of Government Information Services (commonly referred to as "OGIS") to pursue mediation services. *Id.*

Plaintiff appealed the decision and, by letter dated December 21, 2020, USCIS determined that, based on the appeal of the withheld information, 117 additional pages could be released in full and 82 pages in part. Munita Decl. ¶ 11. The letter explained that FOIA exemptions 5 U.S.C. §552(b)(6), (b)(7)(C) and (b)(7)(E) were applied to certain information. *See* ECF 1-1 at 9-10. The letter also explained that 15 pages were sent to ICE and that ICE would respond directly to Plaintiff. *Id.*

By letter dated May 16, 2021, Plaintiff sought to pursue mediation services, citing two specific documents: 1) "a birth certificate of live birth(s) dated 19 March 1986[.]"; and 2) [an] Affidavit submitted by the Mother requesting corrections, which bears a date of 9 September

1986[.]" Munita Decl. ¶ 12. Plaintiff disputed the application of exemptions to these documents, contending that he believed "[t]hat the certificate of live birth pertains to one of my children as per my deposition in Case No. 90-DR-317." *Id.* Plaintiff requested that OGIS direct USCIS to release the certificate of birth and the affidavit in their entirety, direct USCIS to release all information regarding children born to Ms. Herzog, and direct the Ohio Department of Health to release information related to prior requests Plaintiff had pursued in which that office had said "there are no records pertaining to the said birth." *Id.*

By letter dated June 2, 2021, OGIS responded to Plaintiff and explained that its services were limited to assisting with the FOIA process. *See* ECF No. 1-1 at 14-15; Munita Decl. ¶ 13. Plaintiff further pursued his request with OGIS by letter dated June 28, 2021. *Id.* OGIS subsequently responded by letter dated July 19, 2021, Munita Decl. ¶ 13, and upheld USCIS's position.

Plaintiff filed the underlying complaint on June 7, 2022, specifically seeking release of the withheld information on the birth certificate and affidavit of Ms. Herzog. *Id.* ¶¶ 11-15. In addition, Plaintiff seeks any other birth certificates regarding children born to Ms. Herzog and any statement given by her under oath to the Department of Justice or USCIS referencing the existence or non-existence of children born to her.[2]

On October 11, 2022, USCIS sent a letter to Plaintiff to provide additional details regarding the birth certificate and affidavit at issue. The letter explained that the birth certificate and affidavit concern the birth *of* Ms. Herzog (and therefore not her children). Munita Decl. ¶ 15. Specifically, the letter stated, "[Y]ou are assuming that the certificate of live birth and affidavit relate to children

---

[2]    Attached to Plaintiff's complaint is a signed sworn statement notarized on September 7, 1990, in which Ms. Herzog states, "The children claimed by Mr. Toorkey to be our offspring do not exist, and never did exist." *See* ECF No. 1-1 at 72.

born of Debra/Deborah Wilhelm.  This assumption is incorrect.  These documents are the birth

certificate and affidavit of Debra/Deborah Wilhelm….[a]s these document relate solely to the birth

of Debra/Deborah Wilhelm, they cannot be released in full without the consent of Ms. Wilhelm

and remain subject to FOIA Exemption 6."  ECF No. 19 at 9. Despite that clarification, on

December 8, 2022, Plaintiff filed a Motion for Final Judgment seeking immediate release of the

requested records. *See* ECF No. 21.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence "show[] that there is

no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex

Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  It is up to the party moving for summary judgment to

demonstrate the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  A

genuine issue is one that "might affect the outcome of the suit under the governing law."  *Anderson*,

477 U.S. at 248.  Once the moving party has met its burden, the nonmoving party "may not rest

upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing

that there is a genuine issue for trial."  *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment."  *Brayton v.

Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of

Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are

decided on motions for summary judgment.") (quoting *Defenders of Wildlife v. U.S. Border Patrol*,

623 F. Supp. 2d 83, 87 (D.D.C. 2009)).  A government agency may obtain summary judgment in

a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations.  *McGehee v.

CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).  "[T]he Court may award summary judgment solely

on the basis of information provided by the department or agency in declarations when the

declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Responsibility & Ethics in Wash. ("CREW") v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch. Ctr.*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)). Once the court determines that an agency has released all non-exempt material, it has no further judicial function to perform under FOIA and the FOIA claim is moot. *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

## ARGUMENT

There is no genuine dispute that in this case Plaintiff seeks to compel USCIS to disclose records relating to birth records of Ms. Herzog and her purported biological children. As USCIS has clarified to Plaintiff, the only records that exist relate to the birth certificate records of Ms. Herzog (and not her children). Because the information Plaintiff seeks is protected by FOIA Exemptions 6, 7(C) and 7(E), and Plaintiff has provided no compelling public interest in the release of the sought records, judgment as a matter of law for USCIS is warranted.

## I.    USCIS Properly Withheld Personal Information Pursuant to FOIA Exemptions 6 and 7(C)

### A.    FOIA Exemption 6

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  The term "similar files" is broadly construed and includes "Government records on an individual which can be identified as applying to that

individual." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999) ("The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual."); *Gov't. Accountability Project v. Dep't of State*, 699 F. Supp. 2d 97, 105–06 (D.D.C. 2010).   In assessing the applicability of Exemption 6, courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier*, 164 F.3d at 46; *Chang v. Dep't of Navy*, 314 F. Supp. 2d 35, 43 (D.D.C. 2004).   "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Lepelletier*, 164 F.3d at 47 (quoting *Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994)) (alterations in original); *Beck v. Dep't of Just.*, 997 F.2d 1489, 1492 (D.C. Cir. 1993) (quoting *Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).   "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose." *Beck*, 997 F.2d at 1492.

Importantly, "[t]he privacy interest at stake belongs to the individual, not the agency." *Amuso v. Dep't of Just.*, 600 F. Supp. 2d 78, 93 (D.D.C. 2009); *accord Reps. Comm.*, 489 U.S. at 763–65.   And "the concept of personal privacy . . . is not some limited or 'cramped notion' of that idea," *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 165–70 (2004) (construing analogous Exemption 7(C)), but rather is grounded in "both the common law and the literal understandings of privacy [that] encompass the individual's control of information concerning his or her person." *Reporters Comm.*, 489 U.S. at 763. *Grandison v. Dep't of Just.*, 600 F. Supp. 2d 103, 114 (D.D.C. 2009).   "Even seemingly innocuous information can be enough to trigger the

protections of Exemption 6." *Horowitz v. Peace Corps*, 428 F.3d 271, 279 (D.C. Cir. 2005).  An individual's privacy interest "is not limited to [personal information] of an embarrassing or intimate nature." *People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F. Supp. 2d 284, 304 (D.D.C. 2007); *accord Appleton v. FDA*, 451 F. Supp. 2d 129, 145 (D.D.C. 2006).  Moreover, "where there is a substantial probability that disclosure will cause an interference with personal privacy, it matters not that there may be two or three links in the causal chain." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 878 (D.C. Cir. 1989).  Under Exemption 6, any personal privacy interest greater than *de minimis* is considered to be "substantial." *Consumers' Checkbook Ctr. for the Study of Servs. v. HHS*, 554 F.3d 1046, 1050 (D.C. Cir. 2009).

Here, USCIS invoked Exemption 6 to partially withhold information contained on a birth certificate and an affidavit related to that birth certificate, along with a transcript of an interview that Ms. Herzog provided to INS under oath.  Munita Decl. ¶¶ 19-23.  While USCIS released certain information on the birth certificate and affidavit, with regard to the birth certificate, USCIS withheld "the name of the individual, date of birth, place of birth, father, mother and details regarding the birth." *Id* ¶ 21; ECF No. 19 at 10. Regarding the affidavit, USCIS released the state that issued the affidavit, Ohio, along with "mother" and information stating that the birth certificate was incorrect.  The date a copy was issued was also released, and that stamp has the date of September 9, 1986.  *Id*. ¶ 21. Regarding redactions on the affidavit, USCIS withheld "the name of the person requesting the correction is redacted along with the name of the subject of the birth, date and place of the birth and father and mother's name, along with additional personal details." *Id*. ¶ 21; ECF No. 1-1 at 30; *see Wash. Post Co.*, 456 U.S. at 600 ("Information such as place of birth, date of birth, date of marriage, employment history, and comparable data is not normally regarded as highly personal, and yet . . . such information, . . . would be exempt from any disclosure

that would constitute a clearly unwarranted invasion of personal privacy."); *Matthews v. FBI*, 575 F. Supp. 3d 166, 178 n.5 (D.D.C. 2021) ("Exemption 6 protection not only relates to entire physical files, but also encompasses bits of personal information that refer to a particular individual," including "a person's name, address, place of birth, employment history, and telephone number."); *Smith v. Dep't of Labor*, 798 F. Supp. 2d 274, 284 (D.D.C. 2011) ("Generally, personal identifying information such as a person's name, address, phone number, date of birth, criminal history, medical history, and social security number may be protected under Exemption 6.").

Under the FOIA, in order to receive such private information, "Plaintiff must provide either a consent form, proof of death or an explanation of public benefit that would outweigh the individual's privacy." Munita Decl. ¶ 21; *see Lewis v. Dep't of Just.*, 867 F. Supp. 2d 1, 17 (D.D.C. 2011) ("It is the requester's obligation to demonstrate the existence of a significant public interest in disclosure."). Plaintiff has failed to satisfy any such prerequisites to disclosure, and importantly, release of this information would reveal next to nothing about USCIS's own conduct. Munita Decl. ¶ 22. Further, USCIS has attempted to clarify to Plaintiff that the records he seeks (relating to children purportedly born to Ms. Herzog in 1986), do not exist because the birth certificate records at issue relate *to* Ms. Herzog, not her offspring. In any event, Plaintiff has not articulated a sufficient public interest with respect to any records relating to Ms. Herzog.

In addition, the INS interview with Ms. Herzog contains responses to questions concerning Ms. Herzog's personal information and details, and Plaintiff has not provided Ms. Herzog's consent to the release of this information. *Id*. ¶ 22. Thus, the disclosure of the information sought "would constitute a clearly unwarranted invasion of personal privacy that is not outweighed by any public interest in the material." *Id*. ¶ 23. The Court should therefore grant summary judgment in favor of Defendant on the withholding of information under FOIA Exemption 6.

B.      FOIA Exemption 7(C)

Similarly, for information compiled for law enforcement purposes, FOIA Exemption 7(C)

protects personal privacy when disclosure "could reasonably be expected to constitute an

unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The D.C. Circuit "adopted

a categorical rule permitting an agency to withhold information identifying private citizens

mentioned in law enforcement records, unless disclosure is 'necessary in order to confirm or refute

compelling evidence that the agency is engaged in illegal activity.'" *Schrecker v. Dep't of Just.*,

349 F.3d 657, 661 (D.C. Cir. 2003) (quoting *SafeCard Servs. v. SEC,* 926 F.2d 1197, 1206 (D.C.

Cir. 1991)). An agency need not link its collection of material to a specific or ongoing

investigation. *See, e.g.*, *Tax Analysts v. IRS*, 294 F.3d 71, 78 (D.C. Cir. 2002). "[FOIA] Exemption

7 requires that a document be created, gathered, or used by an agency for law enforcement purposes

at some time before the agency invokes the exemption." *Elec. Privacy Info. Ctr. v. DHS*, 777 F.3d

518, 522 (D.C. Cir. 2015); *see Lion Raisins v. USDA*, 354 F.3d 1072, 1082 (9th Cir. 2004)

("Information need not have been originally compiled for law enforcement purposes in order to

qualify for the 'law enforcement' exemption, so long as it was compiled for law enforcement at

the time the FOIA request was made."), *overruled on other grounds* by *Animal Legal Def. Fund

v. FDA*, 836 F.3d 987 (9th Cir. 2016).

Here, in addition to relying on Exemption 6, USCIS properly invoked Exemption 7(C) to

withhold in full the statement provided by Ms. Herzog to INS. Munita Decl. ¶ 27. *First*, USCIS

used the record as part of its gathering of evidence and information that formed the basis for

criminal charges filed against Plaintiff to which he subsequently pled guilty. *Id.* ¶ 24-25; *Elec.

Privacy Info. Ctr.*, 777 F.3d at 522 ("[FOIA] Exemption 7 requires that a document be created,

gathered, or used by an agency for law enforcement purposes at some time before the agency invokes the exemption.").

*Second*, the use of Exemption 7(C) is especially justified here because the "withheld information consists of personal questions and responses provided by Ms. Herzog, [t]hus, there is a strong privacy interest in this material, [and] Plaintiff has not identified any public interest in disclosure of this information." Munita Decl. ¶ 27; *see SafeCard Servs.,* 926 F.2d at 1205 (concluding that, "unless access to the names and addresses of private individuals appearing in files within the ambit of Exception 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure."). Importantly, Plaintiff's opening salvo makes no attempt at articulating a public interest in the disclosure of the requested information. To the contrary, Plaintiff merely asserts a personal interest -- he asserts that he believes that he is the father of "the children referenced in the certificate of live birth" pertaining to Ms. Herzog, and that Ms. Herzog allegedly gave false statements concerning the purported children. Pl.'s Mot. at 6. Thus, there is arguably no public interest in the sought information, and Plaintiff certainly has not shown that there is any such public interest.

In sum, Plaintiff is unable to demonstrate any countervailing public interest in the withheld information. The Court should grant summary judgment in favor of Defendant and uphold its withholdings under FOIA Exemption 7(C).

## II.    USCIS Properly Withheld Portions of an Interview Transcript Pursuant to FOIA Exemption 7(E)

In addition to USCIS's proper invocation of Exemptions 6 and 7(C), judgment as a matter of law should also be granted regarding the Agency's withholdings under Exemption 7(E), as there exists no dispute of material fact that release of Ms. Herzog's INS interview would release law

enforcement techniques and procedures. Accordingly, the Court should uphold USCIS's Exemption 7(E) assertions.

Exemption 7(E) of the FOIA provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *see also Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009) ("the importance of deterrence explains why the exemption is written in broad and general terms" and further explains why the exemption looks "not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk"). The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions. *Smith v. Bureau of Alcohol, Tobacco and Firearms*, 977 F. Supp. 496, 501 (D.D.C. 1997) (citing *Fisher v. Dep't of Just.*, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992)). As to the showing of harm that must be made, the D.C. Circuit has stated on multiple occasions that the FOIA sets a "relatively low bar" for withholdings under this exemption. *See Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting that "[r]ather than requiring a highly specific burden of showing how the law will be circumvented, [E]xemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law") (quoting *Mayer Brown*, 562 F.3d at 1194).

In this case, in addition to its Exemption 7(C) withholdings, USCIS withheld Ms. Herzog's INS interview under Exemption 7(E), concluding that the release of the interview transcript would disclose law enforcement techniques and procedures. Munita Decl. at ¶ 29. Notably, USCIS

withheld information about techniques and procedures used by the INS immigration officer in investigating marriage fraud, including information that would reveal what types of techniques and procedures are routinely used in such investigations, and non-public details about when, how, and under what circumstances they are used. *Id*. The way that the questions were asked and the testimony that was elicited is reasonably part of the techniques and procedures the officer used in gathering evidence for Plaintiff's underlying criminal charges. Munita Decl. ¶ 29. Public disclosure of the information regarding the questions posed by the immigration officer may reduce the technique's effectiveness. Those wishing to violate laws in the future may be able to use the information to cover up or hide potential criminal behavior in the future. *Id*. Disclosure of such information "could reasonably be expected to allow a person to potentially circumvent detection or manipulate law enforcement investigations of this type." *Id*. Courts in this district routinely recognize that specific interviewing techniques are protected under Exemption 7(E), and this case is no exception. *Allen v. Bureau of Prisons,* Civ. A. No. 16-0708 (CKK), 2019 WL 498804, at *7 (D.D.C. Feb. 8, 2019); *Frank LLP v. CFPB*, 327 F. Supp. 3d 179, 183 (D.D.C. 2018). Thus, USCIS's withholdings pursuant to Exemption 7(E) were appropriate.

In sum, USCIS has met the "low bar" of demonstrating that disclosure of Ms. Herzog's interview transcript would provide significant insight into law enforcement interview techniques. USCIS has therefore met its burden regarding its Exemption 7(E) withholdings.

## III.    The Information USCIS Withheld Could Not Be Reasonably Segregated

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has

withheld cannot be further segregated.  *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578–79 (D.C. Cir. 1996); *Canning v. Dep't of Just.*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester.  *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1114 (D.C. Cir. 2007).

USCIS reviewed the documents line by line and "determined that no further segregation of meaningful information in the withheld documents would be possible beyond the information that was released without disclosing information that warrants protection under the law."  Munita Decl. ¶ 31.  Indeed, USCIS processed the records at issue with reasonable specificity consistent with the provisions of FOIA.  *Id.* ¶¶ 30-31.  USCIS has fulfilled its segregability responsibility.  Therefore, the Court should grant summary judgment in favor of Defendant as to whether USCIS conducted a sufficient segregability analysis.

Accordingly, summary judgment in Defendant's favor is warranted, as USCIS has established that the information withheld in both interim responses could not be reasonably segregated any further.  *Armstrong*, 97 F.3d at 578-79.

IV.    **Plaintiff's Requests for Relief Exceeding the Scope of FOIA Should be Rejected**

Aside from the release of information that USCIS contends is properly exempt from disclosure, the remaining relief that Plaintiff seeks is outside of this Court's jurisdiction under FOIA. *See e.g.*, Compl. at ¶ 36; Not. Mot. Judg., ECF No. 16 at 13; Pl.'s Mot. at 6. The FOIA statute imposes limitations on the types of relief a court may grant in a FOIA lawsuit, and the D.C. Circuit has held that the statutory language of the FOIA limits relief to the disclosure of improperly withheld records to a particular requester. *See* 5 U.S.C. § 552(a)(4)(B) (providing jurisdiction "to enjoin the agency from withholding agency records and to order production of any agency records

improperly withheld"); *see also Kennecott Utah Copper Corp. v. Dep't of Interior*, 88 F.3d 1191, 1203 (D.C. Cir. 1996) (holding that remedial provision of FOIA limits relief to ordering disclosure of documents to FOIA complainant); *Hall & Assocs. v. EPA*, No. 16-5315, 2018 WL 1896493, at *2 (D.C. Cir. Apr. 9, 2018) (per curiam) (requiring "research, analysis, and formulation of opinions [are] actions not required by FOIA" (citing *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)). Thus, this Court is without jurisdiction in this action to "declare" that the "child" or "person" referenced in the birth certificate is a "missing person," nor must the Court "place" Plaintiff in contact with the purported "child" and "help in a reunion." Pl.'s Mot. at 6. The Court should accordingly decline to consider any such relief.

## CONCLUSION

For the reasons set forth above, USCIS respectfully requests that this Court grant summary judgment in favor of USCIS on Plaintiff's FOIA claims, and requests that the Court deny Plaintiff's motion for judgment.

Dated:  February 14, 2023
Washington, D.C.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
Telephone: (202) 252-2512

*Attorneys for the United States*

- 15 -