UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEHMTON NARIMAN TOORKEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 22-1648 (BAH) ) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) |
| Defendant. | ) ) ) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL MASTER

Defendant U.S. Citizenship and Immigration Services ("USCIS"), through undersigned counsel, respectfully files this opposition to Plaintiff's motion to appoint a special master ("Pl.'s Mot.", ECF No. 26). Before this Court is a routine case seeking disclosure of certain birth certificate records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For the reasons discussed herein, Plaintiff's request for appointment of a special master should be denied.

Federal Rule of Civil Procedure ("Rule") 53(b) requires an "exceptional condition" to exist before a judge can appoint a master, and no such condition exists in this case. While appointment of a special master is within the discretion of this Court, Plaintiff falls far short of demonstrating a special set of circumstances that would allow this Court to find that the "exceptional condition" requirement has been met. *See In re Dep't of Def.*, 848 F.2d 232 (D.C. Cir. 1988). Such appointments are "the exception and not the rule," and the decision not to name one "very rarely" constitutes an abuse of discretion. *See Meeropol v. Meese*, 790 F.2d 942, 961 (D.C. Cir. 1986).

There is nothing unique or "exceptional" about this case, the claims presented, or the burden upon the Court. Rather, Plaintiff initiated this action seeking records related to his

immigration history, and seeking birth certificate records and a law enforcement-related interview concerning Plaintiff's former spouse. *See* Def.'s Mot. Summ. J., ECF No. 23. The only questions to be decided by the Court in this matter are whether USCIS's withholdings of certain information pursuant to FOIA Exemptions 6, 7(C), and 7(E), were proper, which is a role that this Court has great experience fulfilling. The parties are in the midst of briefing the merits of USCIS's withholdings, and Plaintiff's motion for a special master presents no compelling or persuasive reason to undertake the burden and expenditures associated with identifying and appointing a special master. *See generally* Pl.'s Mot. To the contrary, Plaintiff's motion continues to reiterate his belief that USCIS has improperly withheld records relating to his former spouse and her children. These are the types of arguments that this Court routinely hears and adjudicates. It bears emphasis that USCIS repeatedly has clarified to Plaintiff that the birth records sought do not pertain to any children of his former spouse. *See* Def.'s Mot. Summ. J. at 12.

      Critically, appointment of special master in this routine FOIA case would only serve to further strain judicial resources. That is particularly true here, as this matter involves a discrete, closed universe of records. If the master were to recommend a release, that would in turn create a burden for this Court if the agency determined that the release recommendation is in error and accordingly appealed to the Court. Thus, the involvement of a special master could multiply the proceedings. A special master would not have authority to compel a release without this Court's blessing, as it is the Court, not a master, that has been given the statutory role of "supervis[ing]" FOIA proceedings. *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013) (citing 5 U.S.C. § 552(a)(6)(C)). Once this Court's careful review of each decision made by the master is accounted for, it is doubtful that judicial time or resources will have been conserved to any significant degree. *See Meeropol*, 790 F.2d at 961. In addition, the

appointment of a special master would increase costs for the public fisc--costs that the government does not believe are warranted, and which the government has not agreed to bear in this case. *See Tendler v. Jaffe*, 203 F.2d 14, 5 (D.C. Cir. 1953).

In sum, all factors counsel against appointment of a special master, and this Court should rightly exercise its discretion to deny Plaintiff's request.

Dated: March 27, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-5212

*Attorneys for the United States*