UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEHMTON NARIMAN TOORKEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES CITIZENSHIP )<br>AND IMMIGRATION SERVICES, )<br>)<br>Defendant. )<br>) | Civil Action No. 22-1648 (BAH) |

**REPLY IN SUPPORT OF DEFENDANT'S
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

*MATTHEW M. GRAVES*
United States Attorney

*BRIAN P. HUDAK*
Chief, Civil Division

*BRENDA GONZÁLEZ HOROWITZ*
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia

April 7, 2023

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………..iii

ARGUMENT .................................................................................................................................. 1

    I.    Plaintiff Concedes There are No Material Facts in Dispute ................................................ 1

    II.    Plaintiff Presents No Privacy Waiver Or a Compelling Public Interest in the Third-Party Information Withheld Pursuant to Exemptions 6 and 7(C) ......................................................... 4

    III.    Plaintiff Fails to Genuinely Dispute that USCIS Properly Invoked Exemption 7(E) ...... 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

*Page(s)*

**Cases**

*Amuso v. Dep't of Just.*,
   600 F. Supp. 2d 78 (D.D.C. 2009) .................................................................................... 5

*Broady v. Zanzibar on the Waterfront, LLC*,
   576 F. Supp. 2d 14 (D.D.C. 2008) .................................................................................... 2

*Dep't of Just. v. Reps. Comm. for Freedom of the Press*,
   489 U.S. 749 (1989) ........................................................................................................ 6

*Erickson v. Pardus*,
   551 U.S. 89 (2007) .......................................................................................................... 3

*Harrison v. Fed. Bureau of Prisons*,
   611 F. Supp. 2d 54 (D.D.C. 2009) .................................................................................... 5

*Jean-Pierre v. Bureau of Prisons*,
   880 F. Supp. 2d 95 (D.D.C. 2012) .................................................................................... 7

*Jud. Watch, Inc. v. Dep't of State*,
   177 F. Supp. 3d 450 (D.D.C. 2016) .................................................................................. 7

*Lewis v. Dep't of Just.*,
   867 F. Supp. 2d 1 (D.D.C. 2011) .................................................................................. 6, 7

*Lindsey v. FBI*,
   490 F. Supp. 3d 1 (D.D.C. 2020) ..................................................................................... 5

*Maggio v. Wisconsin Ave. Psychiatric Ctr., Inc.*,
   795 F.3d 57 (D.C. Cir. 2015) ........................................................................................... 4

*McNeil v. United States*,
   508 U.S. 106 (1993) ........................................................................................................ 3

*Moore v. Agency for Int'l Dev.*,
   994 F.2d 874 (D.C. Cir. 1993) ......................................................................................... 3

*Multi AG Media LLC v. USDA*,
   515 F.3d 1224 (D.C. Cir. 2008) ....................................................................................... 6

*Oviedo v. Wash. Metro. Area Transit Auth.*,
   948 F.3d 386 (D.C. Cir. 2020) ......................................................................................... 3

*Richardson v. D.C. Dep't of Youth Rehab. Servs.*,

   271 F. Supp. 3d 113 (D.D.C. 2017) .................................................................................... 2

*Roth v. Dep't of Just.*,

   642 F.3d 1161 (D.C. Cir. 2011) ........................................................................................... 6

*SafeCard Servs., Inc. v. SEC*,

   926 F.2d 1197 (D.C. Cir. 1991) ........................................................................................... 6

*Slovinec v. Am. Univ.*,

   520 F. Supp. 2d 107 (D.D.C. 2007) .................................................................................... 3

*Steinberg v. Dep't of Just.*,

   179 F.R.D. 357 (D.D.C. 1998) ............................................................................................ 7

*Sturdza v. United Arab Emirates*,

   658 F. Supp. 2d 135 (D.D.C. 2009) .................................................................................... 3

*U.S. Bank Nat'l Ass'n v. Poblete*,

   Civ. A. No. 15-0312 (BAH), 2016 WL 1089217 n.2 (D.D.C. Mar. 18, 2016) ..................... 3

*Waterhouse v. Dist. of Columbia*,

   298 F.3d 989 (D.C. Cir. 2002) ............................................................................................ 3

*Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*,

   268 F. Supp. 3d 61 (D.D.C. 2017) ...................................................................................... 8

**Statutes**

5 U.S.C. § 552 ............................................................................................................................... 1

5 U.S.C. § 552(b)(6) ..................................................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 56 ......................................................................................... 1, 2

Defendant U.S. Citizenship and Immigration Services ("USCIS"), through undersigned counsel, respectfully files this reply in support of its cross-motion for summary judgment ("Def.'s Mot.", ECF No. 23) in this case seeking certain immigration-related and birth certificate records related to Plaintiff's former spouse pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Because Plaintiff falls far short of demonstrating a genuine dispute of material fact, the Court should grant judgment as a matter of law to USCIS regarding its withholdings under FOIA Exemptions 6, 7(C), and 7(E).[1]

## ARGUMENT[2]

### I. Plaintiff Concedes There are No Material Facts in Dispute

As a threshold matter and notwithstanding the requirements of Federal Rule of Civil Procedure 56 ("Rule") and Local Civil Rule 7(h)(1), the first major hurdle standing in Plaintiff's way is that he critically failed to respond to Defendant's statement of undisputed material facts ("SUMF", ECF No. 23-1). *See generally* Pls.' Opp., ECF No. 26, 28. This fact alone dooms Plaintiff's attempts at defeating summary judgment, as the Court may therefore credit Defendant's facts as undisputed.

---

[1] In conjunction with his opposition, Plaintiff filed a motion for the Court to appoint a special master. For the reasons detailed in Defendant's opposition (ECF No. 29), that request should be denied.

[2] Plaintiff states in passing that he has failed to receive a response from U.S. Immigration and Customs Enforcement ("ICE") regarding a referral of records by USCIS to ICE. While USCIS submits that those claims are not properly before this Court because Plaintiff's complaint advances no independent claims against ICE (it names solely USCIS), USCIS attaches to this reply a copy of the correspondence sent from ICE to Plaintiff on March 17, 2023 regarding its withholding in part of certain records. As noted in the letter, Plaintiff has approximately 90 days from the date of the correspondence to appeal and administratively exhaust ICE's response. The deadline for that date has not yet passed.

At the outset, USCIS is entitled to summary judgment because Plaintiff fails to demonstrate that any material facts are in dispute, and the undisputed facts and the applicable law warrant judgment for Defendant. In conjunction with its motion, USCIS filed its Statement of Material Facts (ECF No. 23-1), consisting of 58 facts supporting its motion and demonstrating the reasonableness of its withholdings. USCIS also submitted the declaration of Cynthia Munita, the Associate Center Director and Chief FOIA Officer in the Freedom of Information and Privacy Act Unit for the National Records Center at USCIS. *See* ECF No. 23-2. Plaintiff fails to address any of Defendant's undisputed facts or otherwise respond to them, which allows the Court to conclude that there exists no genuine dispute of material facts.

Local Civil Rule 7(h) requires a party moving for summary judgment to file a "statement of material facts" that it contends are undisputed. LCvR 7(h)(1). In addition, it requires that a party opposing a summary judgment motion must respond to the moving party's statement of facts with a separate "concise statement" of "all material facts" that remain in dispute with "references to the parts of the record relied on to support the statement." *Id*. Where the non-movant fails to "controvert" a statement of undisputed fact made by the movant, the Court may assume that the statement is admitted. *Id*.; *see also Broady v. Zanzibar on the Waterfront, LLC*, 576 F. Supp. 2d 14, 16-17 (D.D.C. 2008). Strict compliance with Local Civil Rule 7(h) is the "norm." *Broady*, 576 F. Supp. 2d at 16. Thus, "the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Richardson v. D.C. Dep't of Youth Rehab. Servs.*, 271 F. Supp. 3d 113, 117 (D.D.C. 2017) (taking as admitted facts in the moving party's statements of undisputed material facts where the non-movant failed to respond with a separate statement of facts as to which it contended there were genuine and material issues); *see also Leopold v. Pittman*,

Civ. A. No. 21-0465 (BAH) (D.D.C. Sept. 20, 2022), Mem. Op. (ECF No. 29) at 3 n.3 (noting that plaintiffs controverted "no facts" in defendant's statement of material facts, and thus the "facts set out by defendants may be deemed admitted").

While it is true that Plaintiff is proceeding *pro se* and his filings are "held to less stringent standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it is also clear "[t]his benefit is not…a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993); *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993); *Waterhouse v. Dist. of Columbia*, 298 F.3d 989, 992 (D.C. Cir. 2002) ("[L]ike the district court, we treat as admitted all facts not controverted in [the plaintiff's] Verified Statement."). When faced with a motion for summary judgment, even a *pro se* plaintiff must comply with the Federal Rules of Civil Procedure and this Court's local rules, *see Slovinec v. Am. Univ.*, 520 F. Supp. 2d 107, 111 (D.D.C. 2007), including this Court's rules regarding responding to statements of material fact and marshalling record evidence that establishes each element of his claim for relief. *See U.S. Bank Nat'l Ass'n v. Poblete*, Civ. A. No. 15-0312 (BAH), 2016 WL 1089217, at *1 n.2 (D.D.C. Mar. 18, 2016) (deeming admitted a defendant's statement of undisputed facts where, in contravention of local rules and a court order, the *pro se* plaintiff failed to respond to the statement of facts); *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 397 (D.C. Cir. 2020) (deeming admitted defendant's facts advanced in its statement of material facts, where pro se plaintiff failed to submit a separate statement specifically disputing such facts and failed to offer "a declaration or affidavit" to support his arguments). Thus, because Plaintiff failed to respond to Defendant's statement of undisputed facts, the Court should deem them conceded, and, crediting them, grant judgment as a matter of law to USCIS.

## II. Plaintiff Presents No Privacy Waiver Or a Compelling Public Interest in the Third-Party Information Withheld Pursuant to Exemptions 6 and 7(C)

Because the Court may treat USCIS's facts as conceded, judgment as a matter of law is warranted on USCIS's withholdings under Exemptions 6 and 7(C). Yet, even if the Court were to consider the merits of Plaintiff's claims, USCIS's opening brief demonstrated that it properly applied Exemption 6 to certain personal information contained on a birth certificate and an affidavit related to that birth certificate, along with a transcript of an interview that Ms. Herzog, Plaintiff's former spouse, provided to INS under oath. *See* Def.'s Mot. at 16. In support of his argument that USCIS's withholdings are improper, Plaintiff focuses solely on his mistaken belief that USCIS records support the existence of children born to Ms. Herzog. ECF No. 28 at 5-6. That argument is "a red herring [the Court] need not pursue." *Maggio v. Wisconsin Ave. Psychiatric Ctr., Inc.*, 795 F.3d 57, 60 n.4 (D.C. Cir. 2015). Importantly, in advancing his position, Plaintiff does not dispute that Exemptions 6 and 7(C) apply to the withholdings at issue in this case, and there is no dispute that Plaintiff provided no privacy waiver or proof of death regarding third-party information contained within the records that he seeks. Likewise, Plaintiff presents no countervailing public interest in the disclosure of the sought information. The Court should therefore find that USCIS's invocation of Exemptions 6 and 7(C) were proper.

Plaintiff advances little argument to justify lifting USCIS's Exemption 6 and 7(C) withholdings. As a threshold matter, Plaintiff does not dispute that Exemption 6 applies to "personnel, medical, and similar files" and that Exemption 6 would permit withholding records when disclosure would "constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Relatedly, to "withhold documents pursuant to Exemption 7(C), the agency must make a threshold showing that the 'the records were compiled for a law enforcement purpose.'"

4

*Lindsey v. FBI*, 490 F. Supp. 3d 1, 16 (D.D.C. 2020) (citation omitted). USCIS's withholdings readily meets both of these exemptions.

Plaintiff repeatedly asserts that the information contained within the birth certificate records should be disclosed because Exemption 6 applies to "third parties" and this case involves a "related party." ECF No. 28 at 4. But Plaintiff's arguments miss the mark because he does not dispute that the information he seeks relates to an individual (i.e., third party) that is not a party to the underlying suit, Ms. Herzog, and records purportedly relating to her children.[3] It is of no matter that Ms. Herzog is purportedly "related" to Plaintiff, as he has not demonstrated that Ms. Herzog consents to the release of her personal information. Notably, there is no dispute that Plaintiff presents no privacy waiver from Ms. Herzog to warrant disclosure of information protected by Exemption 6 or 7(C). *Harrison v. Fed. Bureau of Prisons*, 611 F. Supp. 2d 54, 66 (D.D.C. 2009) (the 6 and 7(C) "personal privacy exemptions may be overcome by a waiver signed by the third person whose privacy interest would be affected by the disclosure").

As Defendant noted in its opening motion, the limited information it withheld on the birth certificate and affidavit pursuant to Exemption 6 was appropriate, as it pertained to "the name of the individual, date of birth, place of birth, father, mother and details regarding the birth." Munita Decl. ¶ 19; ECF No. 19 at 10. Regarding redactions on the affidavit, "the name of the person requesting the correction is redacted along with the name of the subject of the birth, date and place

---

[3] Plaintiff acknowledges for the first time in his opposition that he is not seeking records relating to Ms. Herzog, but rather of his "biological children." ECF No. 26 at 7. First, that contention is belied by the Complaint in this case and the underlying communications from Plaintiff which sought records from USCIS relating to Ms. Herzog. *See* Compl. at 6; ECF No. 1-1 at 17. Second, regardless of whether Plaintiff seeks records relating to Ms. Herzog or his purported biological children, there is still no dispute that Plaintiff has failed to provide a privacy waiver from any third party (and there can be no meaningful dispute that these individuals are third parties), such that Exemption 6 would still be applicable.

5

of the birth and father and mother's name, along with additional personal details." *Id*. ¶ 21; ECF No. 1-1 at 30. Thus, there is no dispute that the information withheld by USCIS satisfies Exemption 6 because there is a significant privacy interest in information relating to personal details such as birth and parental information. *Amuso v. Dep't of Just.*, 600 F. Supp. 2d 78, 93 (D.D.C. 2009) ("The privacy interest at stake belongs to the individual, not the agency.").

Relatedly, Plaintiff's opposition also fails to seriously dispute the application of Exemption 7(C). USCIS applied Exemption 7(C) to portions of the interview given by Ms. Herzog to Immigration and Naturalization Services ("INS"), which was undisputedly compiled for law enforcement purposes. Munita Decl. ¶ 27. The declaration of Ms. Munita is afforded a presumption of good faith, *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197 (D.C. Cir. 1991), and Plaintiff points to no credible evidence in the record to dispute these assertions. Thus, because the privacy interests pertaining to the birth certificate, affidavit, and INS interview are "substantial" and "more than de minimis," this Court should sustain USCIS's withholdings. *Multi AG Media LLC v. USDA*, 515 F.3d 1224, 1229 (D.C. Cir. 2008).[4]

Where a substantial privacy interest is found (as is the case here), the Court then turns to the question whether the public interest nevertheless outweighs the individual privacy concerns. Plaintiff presents no compelling public interest in the information sought. Rather, Plaintiff articulates his own personal interest in the disclosure of the withheld information, claiming that he

---

[4] The "standard for evaluating a threatened invasion of privacy interests" under Exemption 7(C), "is somewhat broader than the standard" under Exemption 6. *Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989). So, if the requested information "was 'compiled for law enforcement purposes,' thus implicating Exemption 7(C)," then the Court has "no need to consider Exemption 6 separately because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)." *Roth v. Dep't of Just.*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Regardless whether the Court considers Exemption 6 or 7(C), there is ample support for USCIS's withholdings.

6

seeks the information to assist him in "reuniting with his children" and allow Plaintiff to "connect with his daughter." ECF no. 28 at 6-7. While USCIS is sympathetic to Plaintiff's motivations, it is not the role of the agency or the Court to override the compelling and substantial privacy interests of individuals when the only articulated "public interest" disclosure pertains to Plaintiff and his self-interest. *See Lewis v. Dep't of Just.*, 867 F. Supp. 2d 1, 17 (D.D.C. 2011) ("It is the requester's obligation to demonstrate the existence of a significant public interest in disclosure."). This is particularly true where Plaintiff submitted evidence that Ms. Herzog has stated under oath that she did not have any children with Plaintiff. *See* Compl., ECF No. 1-1 at 72.

Plaintiff has plainly failed to satisfy any prerequisites to disclosure, and, more importantly, release of this information would do nothing to reveal USCIS's own conduct.[5] Munita Decl. ¶¶ 23, 27. *Steinberg v. Dep't of Just.*, 179 F.R.D. 357, 360 (D.D.C. 1998) (finding that summary judgment is not defeated "with pure conjecture about the possible content of withheld information, raising some metaphysical doubt as to the material facts").

Accordingly, the Court should find that USCIS has met its burden in withholding information pursuant to Exemptions 6 and 7(C), and grant judgment as a matter of law to USCIS.

---

[5] In support of his opposition, Plaintiff provided photographs and handwritten letters allegedly relating to Ms. Herzog and/or his children. *See generally* ECF No. 28. These documents do not establish a genuine dispute of material fact as to the appropriateness of USCIS's withholdings under Exemptions 6 or 7(C). To the extent Plaintiff attempts to argue that USCIS need only confirm whether the information contained within its records is contradictory of statements made by Ms. Herzog (*id*. at 6), or "why a correction to birth certificate is needed after 37 years without a probate court order" (ECF No. 26 at 3), FOIA does not require an agency to do research or answer questions in response to a request for records. *Jud. Watch, Inc. v. Dep't of State*, 177 F. Supp. 3d 450, 456 (D.D.C. 2016) (finding that "[a] question is not a request for records under FOIA and an agency has no duty to answer a question posed as a FOIA request"), *aff'd*, 681 F. App'x 2 (D.C. Cir. 2017); *Jean-Pierre v. Bureau of Prisons*, 880 F. Supp. 2d 95, 103 (D.D.C. 2012) (concluding that request for objective pieces of information, such as "who gave the order" and "on what day," are not "cognizable under FOIA, because they ask questions calling for specific pieces of information rather than records").

### III. Plaintiff Fails to Genuinely Dispute that USCIS Properly Invoked Exemption 7(E)

USCIS also moved for judgment as a matter of law regarding portions of the INS interview transcript relating to Ms. Herzog that were withheld pursuant to FOIA Exemption 7(E). As USCIS established, there is no dispute that release of the information withheld under Exemption 7(E) was appropriate, as it would reveal techniques and procedures used by law enforcement, and in particular, in immigration-related investigations. Def.'s Mot. at 20-21. Neither of Plaintiff's submissions addresses Exemption 7(E), and the Court should therefore find that Plaintiff has conceded those arguments. "It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017).[6]

But even if Plaintiff had not conceded the appropriateness of USCIS's withholdings under Exemption 7(E), USCIS has nevertheless met its burden. As Defendant's opening motion noted, caselaw establishes that an agency faces a "low bar" with respect to withholdings under this exemption. Def.'s Mot. at 20. Here, USCIS withheld information about techniques and procedures used by the INS immigration officer in investigating marriage fraud, including information that would reveal what types of techniques and procedures are routinely used in such investigations, as well as non-public details about when, how, and under what circumstances they are used. *Id*. Disclosure of such information falls squarely within Exemption 7(E)'s, and Plaintiff has produced no meaningful evidence that the information contained within the INS interview transcript could not lead to circumvention of law enforcement techniques. In fact, Plaintiff's opposition seems to

---

[6] Plaintiff similarly fails to address USCIS's arguments regarding segregability, and USCIS's motion plainly established that USCIS's line-by-line review met its segregability burden under FOIA. Munita Decl. ¶¶ 30-31.

concede that, aside from the redactions on the interview transcript pursuant to Exemptions 6 and 7(C), he does not challenge USCIS's redactions under Exemption 7(E) at all, instead indicating that "Plaintiff does not seek other parts of the interview, which Defendant wants to redact." ECF No. 28 at 6. With Plaintiff having apparently abandoned any challenges to the remaining redactions under Exemption 7(E), the Court should accordingly grant judgment as a matter of law to USCIS on these grounds.

## CONCLUSION

For the reasons stated herein and in Defendant's motion for summary judgment, the Court should grant judgment as a matter of law to USCIS on Plaintiff's FOIA claims.[7]

Dated: April 7, 2023
Washington, DC

                        Respectfully submitted,

                        MATTHEW M. GRAVES, D.C. Bar #481052
                        United States Attorney

                        BRIAN P. HUDAK
                        Chief, Civil Division

By:      /s/
                        BRENDA GONZÁLEZ HOROWITZ
                        Assistant United States Attorney
                        601 D Street, NW
                        Washington, DC 20530
                        (202) 252-2512

                        *Attorneys for the United States of America*

---

[7] For the reasons described in Defendant's cross-motion, the Court should also decline Plaintiff's request for relief that exceeds the limitations of FOIA. *See* Def.'s Mot. at 22-23.